IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TREVIS TYRELL SISTRUNK , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-cv-119-WHA |
| | ) | [WO] |
| | ) | |
| JAY JONES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Trevis Tyrell Sistrunk.  Sistrunk alleges that, while incarcerated in the Lee County, Alabama, detention center, he was deprived of food and medical treatment in violation of the Eighth Amendment. (Doc. 1 p. 3).  Sistrunk alleges that he was  housed in conditions that were so overcrowded as to amount to cruel and unusual punishment by causing unsanitary conditions that made him suffer pain and diseases.  (Doc. 1 p. 3).  Sistrunk also alleges that he was unlawfully jailed past his scheduled release date in an unlawful attempt to extort $1,000 from him. (Doc. 1 p. 3).  Sistrunk names Lee County Sheriff Jay Jones and acting jail administrator Captain Corey Welch as Defendants. Upon consideration of this case, the court concludes that the plaintiff's complaint is due to be dismissed as moot.

**II.    Standard of Review**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).  This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  "'Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'' " *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir.2001) (per curiam)).  "'The doctrine of mootness derives directly from the [Article III] case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (quoting *Al Najjar*, 273 F.3d at 1335).  A case becomes moot when the parties no longer have a legally cognizable interest in the outcome, or when the case no longer presents a live controversy with respect to which the court can give meaningful relief.  *Id.*  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.    Discussion

On July 30, 2011, Sistrunk was booked into the  Lee County Dentention Center on charges of public intoxication, evading arrest, and criminal mischief.  (Doc. 14-4 p. 2).  He was subsequently convicted and sentenced to pay a $1,000 fine and serve 180 days in jail.  (Doc. 1 p. 3; Doc. 14-3 ¶ 26; Doc. 14-4 p. 2).   Sistrunk alleges that, while he was

incarcerated at the Lee County Detention Center, his constitutional rights were violated in the following ways: (1) he was "on the verge of starvation" because his food was withheld from him or provided to other inmates,[1] (2) he was housed in conditions that were so overcrowded as to create unsanitary conditions that caused him to be "in pain" and "infected with diseases,"[2] (3) he was denied medical treatment,[3] and (4) he was incarcerated beyond

---

[1]Sistrunk never filed a grievance form informing jail personnel that he was not receiving his food. (Doc. 14-6). Sistrunk does make a conclusory allegation in a sworn statement that he sought relief through the grievance process, although he does not specifically allege that he filed a grievance complaining that his food was being withheld from him. This court's May 8, 2012 order (Doc. 15 p. 4) advised Sistrunk that, "*if he asserts exhaustion of the jail's administrative procedures he must submit relevant evidentiary materials in support of this assertion which demonstrates his proper and full exhaustion of the jail's grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat the defendants' argument.*" (Emphasis in original). The record contains a collection of the grievance forms that Sistrunk signed. (Doc. 14-6; Doc. 14-8). The only grievance form pertinent to Sistrunk's allegation that he was "on the verge of starvation" is a grievance form signed on February 6, 2012 (the same day he filed his complaint in this case) stating that he was going to go on a hunger strike until he was released. (Doc. 14-6 p. 4). However, he was released later that same day.

[2]Sistrunk's medical record and his medical complaint forms from the jail do not substantiate his allegations that overcrowded, unsanitary conditions caused him to be in pain or to be infected with diseases. (Doc. 14-8).

[3]The record evidence shows that Sistrunk was timely examined and treated for all medical conditions of which he complained, none of which were serious, and a number of which were unsubstantiated. (Doc. 14-8). For example, on January 27, 2012, Sistrunk was evaluated for an alleged cold with congestion. (Doc. 14-8 p. 7). He brought a cup with him to the examination that contained "some spittle and some greenish tan flecks he cleared out of his throat." (Doc. 14-8 p. 7). Although the doctor did not diagnose him with a cold, Sistrunk was placed on "cold protocol for five days" with instructions to "recheck as needed." (Doc. 14-8 p. 7). On January 30, 2012, Sistrunk reported that he did not want to take the cold protocol medication for his cold virus because it made him uncomfortable. (Doc. 14-8 p. 8). The doctor told him he did not have to take the medicine because it was intended only for symptomatic relief. (Doc. 14-8 p. 8). On February 1, 2012, he was evaluated for a report of pain and, although he reported that he had no pain at the time of examination, he was given Tylenol, scheduled for a follow-up medical appointment the next day, and referred to mental health for anxiety. (Doc. 14-8 p. 6). On February 2, 2012, Sistrunk was evaluated for injuries that occurred when he was allegedly "beaten up" in the shower the previous night and implanted with a microchip. Examination revealed that the injuries to which Sistrunk referred were well-healed, old scars. The examining physician referred Sistrunk to the mental health officer after concluding that there was no evidence of physical injuries or recent trauma, and noted that Sistrunk was "avoidant of questions and seems to be his usual difficult manipulative self." (Doc. 14-8 p. 5).

his scheduled release date in an illegal attempt to extort $1,000 from him.  (Doc. 1 p. 3).

On February 6, 2012, in addition to filing the complaint in this case (Doc. 1 p. 1),[4] Sistrunk submitted a grievance form threatening to go on a hunger strike until he was released from jail. (Doc. 14-3 ¶ 7; Doc. 14-4; Doc. 14-6 p. 4).  In response to his grievance, Sistrunk was taken to speak with Captain Welch, but he refused to discuss the matter with Captain Welch and he was returned to his cell. (Doc. 14-6; Doc. 14-3 ¶ 26).  Captain Welch then reviewed Sistrunk's file and determined that Sistrunk could not be released because a court order mandated that he not be released until he paid his $1,000 fine.  (Doc. 14-3 ¶ 26). Captain Welch contacted the judge in Sistrunk's case about the matter, the judge arranged for Sistrunk to be placed on a payment plan, and Sistrunk was released from the jail that same day.  (Doc. 14-3).

Because Sistrunk seeks only injunctive relief, (Doc. 1 p. 4), and because he has been released from the Lee County Detention Center, his claims are moot, and this case is due to be dismissed for lack of subject matter jurisdiction.  *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), abrogated on other grounds by *Sossamon v. Texas*, 131 S.Ct. 1651 (2011) ("The general rule in our circuit is that . . . release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. The reason for this rule is that injunctive relief is a prospective remedy, intended to prevent future injuries, and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and

---

[4]Because Sistrunk mailed his complaint to the court, it was received and docketed on February 8, 2012. (Doc. 1 pp. 1, 5)

correct the conditions of which the prisoner complained." (citations and internal quotation marks omitted)); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (holding that Article III does not provide the courts with subject matter jurisdiction over cases that are moot).

### IV.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.  This case be **DISMISSED** for lack of jurisdiction; and

2.  Costs be taxed against the plaintiff.

It is further

**ORDERED** that on or before **January 27, 2015**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  See also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th of January, 2015.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE